JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VARELA, ) | Case No. CV 15-4673 FMO (JPRx) |
| Plaintiff, ) | |
| v. ) | **ORDER REMANDING ACTION** |
| SYRUS GAHREMAN, et al., ) | |
| Defendants. ) | |

On April 3, 2015, pro se defendant Syrus Gahreman ("defendant"), having been sued by Sergio Varela ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on what appears to be diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332. (See Notice of Removal at 2).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the Notice of Removal and the attached state court complaint, (see, generally, Notice of Removal & Exh. A ("Complaint")), make clear that this court has neither federal question nor diversity jurisdiction over the instant matter.[2] In other words, plaintiff could not have brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[3] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no basis for federal question jurisdiction, as the state court complaint contains

---

[2] Because the Notice of Removal is less than clear regarding the basis for removal, the court address both federal-question and diversity jurisdiction.

[3] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

a single cause of action for unlawful detainer. (See, generally, Complaint). The state court complaint discloses no federal statutory or constitutional question. (See, generally, id.); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

To the extent defendant purports to base jurisdiction on a federal defense, it too fails to confer federal question jurisdiction since a federal defense does not support federal question jurisdiction. See Wescom, 2010 WL 4916578, at *2 ("A federal defense . . . does not support federal-question jurisdiction."); Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 (It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Therefore, there is no basis for federal question jurisdiction.

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332;[4] see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (where the district court remanded based on two independent grounds of diversity of citizenship and amount in controversy, the Ninth Circuit concluded that either was sufficient). On the contrary, the caption of the Complaint recites that the amount in controversy "does not exceed $10,000." (See Complaint at 1); see also Cal. Rules of Court 2.111(9). Because the amount of damages that plaintiff seeks is $75,000 or less, defendant fails to meet his burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have proven, by a preponderance of the evidence, that

---

[4] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted). Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 300 E. Walnut Avenue, Pasadena, California 91101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 30th day of June, 2015.

                /s/
              Fernando M. Olguin
             United States District Judge